

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,919-01

**EX PARTE BRAD ALLEN DUNN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14-0029X(A) IN THE 71ST DISTRICT COURT FROM HARRISON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to murder, and was sentenced by a jury to ninety-nine years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Dunn v. State*, No. 06-15-00050-CR (Tex. App. — Texarkana, March 9, 2016) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other grounds for review and finds them to be without merit.

because trial counsel retained an expert but failed to present any testimony from that expert or any other expert at trial, presented testimony instead from unfavorable witnesses, failed to file a motion for a change of venue, failed to present available evidence in the form of a video interview of Applicant's daughter and text messages showing that the victim was having an affair, failed to present witnesses who could have testified to Applicant's good character and as to his mental state at the time of the offense, and failed to object to argument by the prosecutor and a jury instruction that shifted the burden of proof to the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents, the indictment, the jury charge, and a transcript of the punishment hearing. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant

and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 20, 2017
Do not publish